UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RAMIREZ, JR. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAKERSFIELD POLICE DEPT., et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | Case No.: 1:14-cv-00978 - --- - JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS <br> (Doc. 3) <br><br> ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |

Antonio Ramirez ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for violations of his civil rights by officers of the Bakersfield Police Department.

For the following reasons, the Court orders Plaintiff to either file a First Amended Complaint or notify the Court of his willingness to proceed on his cognizable claim for excessive force in violation of the Fourteenth Amendment.

**I.      Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28

U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.

**II.     Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted).
Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. Section 1983 Claims

Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL

1328636 at *2 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

## V.     Discussion and Analysis

Plaintiff asserts that on September 29, 2013, he was riding his bicycle when Bakersfield Police Officers Scott Roberts and Randy Petris "attempted a routine stop." (Doc. 1 at 3.)  Plaintiff alleges that he fled on his bike, and the officers followed him with their vehicle.  (*Id.*)  He reports the officers caught up "[a] few streets down," and "Officer Scott Roberts . . . struck [him] with the BPD's Police cruiser."  (*Id.*)  Plaintiff alleges that he was knocked off the bicycle and "was thrown, by the force of the strike, forwards a couple of yards," into a mailbox.  (*Id.* at 4.)

According to Plaintiff, he "attempted to run across the street," but was in "extreme pain." (Doc. 1 at 4.)  Plaintiff asserts that "[t]he pain was so severe that he rendered [him] completely weak and made [him] decide and choose to lie down on the street and wait for [his] inevitable arrest." (*Id.*)  He alleges that he "completely surrendered." (*Id.*)  Plaintiff asserts that when the officers arrived, "Officer Randy Petris . . . began to strike and assault [him] with his baton while [he] was on the floor." (*Id.*)  Plaintiff asserts he "was struck about 7 to 10 times," to the point he "went unconscious due to the shock of the pain." (*Id.*)  Plaintiff asserts that as a result of the officers' actions, he "was left with a fractured left ulna forearm bone, wrist dislocation (left bone), [and] wrist fractures." (*Id.*)

Based upon these facts, Plaintiff asserts the defendants are liable for violations of his Fifth and Fourteenth Amendment rights.  (Doc. 1 at 4.)

### A.     Fifth Amendment Violation

Plaintiff alleges a violation of his civil rights under the Fifth Amendment.  However, the Fifth Amendment applies only to actions by the federal government.  *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982).  There must be a "significantly close nexus" between the federal government and the actor for the Fifth Amendment to apply to nonfederal entities or individuals.  *Id.*  Here, Plaintiff has

not made any factual allegations regarding the officers' connections to the federal government. Thus, Plaintiff fails to state a claim for a Fifth Amendment violation, and the claim is **DISMISSED**.

### B. Excessive Force Amounting to Punishment

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

Here, Plaintiff asserts defendant Roberts struck him with a police cruiser and that after he had surrendered, defendant Petris struck him with a baton to the point that Plaintiff lost consciousness. In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007).

1  Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable
2  officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

3      Here, based upon the facts alleged, Plaintiff may have posed a threat to the safety of others and
4  was attempting to escape. However, the Ninth Circuit has observed that evaluation of whether the
5  force used was reasonable "is ordinarily a question of fact for the jury." *Liston v. Cnty. of Riverside*,
6  120 F.3d 965, 976 n.10 (9th Cir. 1997); *see also Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (a
7  determination on the reasonableness of the use of force "nearly always requires a jury to sift through
8  disputed factual contentions, and to draw inferences therefrom"). Moreover, the Ninth Circuit has also
9  determined that the use of force upon a person after surrender constitutes excessive force. *LaLonde v.*
10 *County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000). Accordingly, for screening purposes only, the
11 Court finds the facts alleged sufficient to support a cognizable claim for the use of excessive force
12 under the Fourth Amendment.

13     **C.    Equal Protection**

14     Plaintiff alleges that the use of excessive force violated his "14th Amendment rights of equal
15 protection under the law . . ." (Doc. 1 at 5) The cornerstone of the equal protection right is that
16 similarly situated people are required to be treated similarly. *City of Cleburne, Tex. v. Cleburne Living*
17 *Center*, 473 U.S. 432, 439 (1985).

18     Plaintiff seems to claim that his equal protection rights were violated because he was profiled
19 as a gang member. However, membership in a gang is not a protected class. Moreover, though
20 Plaintiff seems to state that a Caucasian man would not have been treated in the same manner in which
21 he was, this is a conclusion rather than a factual allegation demonstrating that the use of force was
22 motivated by racial animus or was discriminatory in any manner. To the contrary, Plaintiff asserts that
23 at the time the force was used, he was aware the officers intended a "routine stop" and an "inevitable
24 arrest" but, despite this, he evaded the officers. *Id*. at 3. His conclusion that the police would have
25 taken a different tact with a white man lacks factual support. Thus, there are no facts alleged that the
26 stop and arrest was based on something other than unlawful conduct by Plaintiff. As a result, the
27 Court finds Plaintiff has failed to state an equal protection claim.
28 ///

1     **D.**    **Municipal liability**

2     To establish municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978), a plaintiff must first establish that the state actor deprived him of a constitutional right and that an official city policy, custom, or practice of the entity was the moving force behind the constitutional injury. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir.2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir.1990).

While asserting the Bakersfield Police Department should be held liable, Plaintiff fails to set forth any factual allegations to suggest that an unconstitutional custom or policy caused his injuries. Seemingly, Plaintiff is asserting that the entity is liable because it employed the officers who used the force. This is insufficient. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (no respondeat superior liability under 42 U.S.C. § 1983); *Monell*, 436 U.S. at 691 (no municipal liability for a constitutional violation merely because of the employment relationship). Thus, Plaintiff has failed to state a claim against the Bakersfield Police Department.

## VI.    Conclusion and Order

Plaintiff fails to state a cognizable claim for a violation of the Fifth Amendment or for a violation of equal protection under the Fourteenth Amendment. Likewise, Plaintiff has failed to state a claim against the Bakersfield Police Department. However, Plaintiff has stated a cognizable claim for excessive force in violation of the Fourteenth Amendment by Officers Roberts and Petris.

Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiff may notify the Court in writing that his does not wish to file an amended complaint and is willing to proceed only on his cognizable claim for excessive force rising to the level of punishment. At that time, the Court will dismiss the Bakersfield Police Department as a defendant and Plaintiff's

claim for a violation of the Fifth Amendment, and issue summons.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff his First Amended Complaint complete, and that after an amended complaint is filed, the other pleadings no longer serves any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that as a general rule, an amended complaint supersedes the original complaint). Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citation omitted).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**;
2. Within 21 days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, **or**
   b. Notify the Court in writing of his willingness to proceed only on his claims for violations of the Fourth and Fourteenth Amendment against Defendants Roberts and Petris; and
3. If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 30, 2014**          **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE