UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RAMIREZ, JR. | Case No.: 1:14-cv-00978 - --- - JLT |
| Plaintiff, | ORDER DENYING STAY |
| v. | (Doc. 23) |
| BAKERSFIELD POLICE DEPT., et al., | |
| Defendants. | |

Before the Court is Plaintiff's request to "continue" which the Court construes as a motion to stay the matter. (Doc. 23) The basis for Plaintiff's motion is that he has been unable to secure an attorney to prosecute this action for him and because the Court has denied his request for appointment of an attorney. Id. at 3. In addition, he complains that his access to legal research is limited. Id. Because Plaintiff fails to state any reasonable grounds for the stay request, the motion is **DENIED**.

**I.      Plaintiff has failed to demonstrate that a stay is necessary**

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is

best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

Plaintiff requests a stay, apparently, until he is released from prison in April 2015. (Doc. 23 at 3) He claims as a basis for the stay the fact that he wishes to have a lawyer represent him and because he has inadequate access to legal research. Id. Notably, Plaintiff initiated this action without the assistance of counsel and despite that the incidents about which he complains occurred on September 29, 2013[1]. (Doc. 1 at 1) Though he requested appointment of counsel at the outset of the matter, this fails to explain why Plaintiff failed to wait until his release from prison to begin this action.

Here, the Court finds no inequity if the matter is not stayed. Though the Court appreciates the difficulty in prosecuting a lawsuit without the assistance of a lawyer, every day, the Court is confronted by cases prosecuted by inmates who lack legal training and who have only limited access to legal materials. Nevertheless, they manage fairly well, in most cases, to do so.

Likewise, the Court finds that the case would not be simplified at all if the stay is granted and, to the contrary, there exists the potential that witnesses will be lost or memories will fade if the matter is delayed. Thus, the Court does not find a stay is warranted in this case.

Though the Court will **DENY** the request for a stay, Plaintiff is entitled to request the matter be dismissed[2] without prejudice to allow him to refile the action once he is released from prison.[3] At that

---

[1] "Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts " 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.' " Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir.2007) (quoting Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.2004)); see Wilson v. Garcia, 471 U.S. 261, 279–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superceded by statute on other grounds, Judicial Improvements Act of 1990, Pub.L. No. 101–650, 104 Stat. 5114, as recognized in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377–80, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); see also Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir.2009) ( "State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling."). California's statute of limitations for personal injury claims is two years. See CAL. CIV. P. CODE § 335.1; Canatella, 486 F.3d at 1132." Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014). Thus, Plaintiff's statute of limitations would not run until after he is released from prison.
[2]

time, presumably, he will proceed with the assistance of counsel, assuming he hires one when he is released.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The request for a stay is **DENIED**

2. If Plaintiff intends to dismiss this action, so that he may refile it after he is released from prison, he should contact the attorney for the defendants to determine whether the defendants will stipulate to the dismissal without the need for filing a motion.

<u>Whether he proceeds with a stipulation to dismiss or a motion to dismiss, Plaintiff **SHALL** indicate whether he consents to magistrate judge jurisdiction.</u>  (Doc. 22)

IT IS SO ORDERED.

Dated: **November 20, 2014**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is cautioned that he must file any new action within the statute of limitations time or the action will be barred.