# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RAMIREZ, JR., <br><br> Plaintiffs, <br><br> v. <br><br> BAKERSFIELD POLICE DEPT., et al., <br><br> Defendants. | ) Case No.: 1:14-cv-00978 - JLT <br> ) <br> ) ORDER GRANTING DEFENDANTS' MOTION <br> ) TO COMPEL (Doc. 42) <br> ) <br> ) <br> ) <br> ) <br> ) |

In this action, Plaintiff asserts that Defendants, officers of the Bakersfield Police Department, used excessive force during the course of his arrest in violation of the Fourteenth Amendment. (*See* Doc. 1) In their current motion, Defendants report that Plaintiff failed to serve his Rule 26 initial disclosures and has failed to respond to discovery. (Doc. 42) Defendants seek to compel Plaintiff to do cooperate in discovery. (*Id.*) Plaintiff did not oppose the motion.

The Court has reviewed the motion and supporting documents, and found the matter suitable for decision without oral arguments according to Local Rule 230(g). For the reasons set forth below, the Court **GRANTS** Defendants' motion to compel discovery.

**I.      Relevant Background**

The Court held a scheduling conference on May 4, 2015, at which the Court set deadlines related to discovery. (Doc. 41) The Court ordered the parties to exchange their initial disclosures no later than June 5, 2015. (*Id.* at 1, 2) In addition, the Court ordered the parties to complete all non-

1

expert discovery no later than February 1, 2016. (*Id.*)

On May 13, 2015, Defendants served Plaintiff with "a first set of interrogatories, request for production of documents, and request for admissions." (Doc. 42-1 at 2) Although his responses were due no later than June 15, 2015, Plaintiff failed to respond. (*Id.*) On July 14, 2015, Defendants filed the motion now pending before the Court, asserting Plaintiff failed to comply with the Court's Scheduling Order to make his initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and that Plaintiff failed to respond to Defendants' discovery requests, including interrogatories and requests for production of documents. (Doc. 42)

## II. Scope of Discovery and Requests

The Federal Rules of Civil Procedure and the Federal Rules of Evidence set forth the scope and limitations of discovery. Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### A. Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response he later obtains the

information sought or discovers the previous response requires correction. Fed. R. Civ. P. 26(e)(1)(A).

B. Requests for Production of Documents

A party may request documents within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and must produce all responsive, relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). The party need not have actual possession, custody or control of the documents or items. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

### III. Discussion and Analysis

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Here, Defendants assert Plaintiff failed to respond to the Interrogatories and Requests for

Production of Documents propounded by Defendants on May 13, 2015. (Doc. 42-1 at 2) Defendants' counsel wrote to Plaintiff on June 12, 2015 and June 29, 2015 to request Plaintiff produce the initial disclosures and the discovery responses. (Doc. 42-2 at 2, Cohen Decl. ¶¶ 5-6) Defendants' counsel, Mick Marderosian, informed Plaintiff that if he failed to provide the discovery, Defendants would "have no option but to raise this issue with the Court." (*Id.* at 39) Despite this warning, Plaintiff failed to provide his initial disclosures or to respond to Defendants' discovery requests. Notably, because Plaintiff failed to respond to the requests for admission, they are deemed admitted as a matter of law. Fed. R. Civ. P. 36(a)(3); *see also Smith v. Pac. Bell Tel. Co., Inc.*, 662 F.Supp.2d 1199, 1229 (E.D. Cal. 2009) (explaining Rule 36 is self-executing and no motion is needed to deem the matters admitted)

Given Plaintiff's complete failure to respond to the discovery requests, Defendants' motion to compel Plaintiff to serve his initial disclosures and to respond to Defendants' interrogatories and requests for production of documents is **GRANTED**.

## IV. Conclusion and Order

Plaintiff is reminded that failure to comply with a Court order—including the Court's Scheduling Order directing the parties to serve initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure—may result in the imposition of sanctions, including dismissal of an the action. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same);

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' motion to compel discovery (Doc. 42) is **GRANTED**;
2. Plaintiff **SHALL** serve his initial disclosures no later than **August 21, 2015**;
3. Plaintiff **SHALL** respond to Defendants' Interrogatories-Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than **August 21, 2015**.

///
///
///
///

4

**Plaintiff is strongly admonished that his failure to comply with this order or any other order of the Court—including the scheduling order--may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110.**

IT IS SO ORDERED.

    Dated: **August 7, 2015**                        /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE