1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    ANTONIO RAMIREZ, JR.,                    )    Case No.: 1:14-cv-00978- JLT
                                               )
12              Plaintiff,                     )    ORDER GRANTING DEFENDANTS' MOTION
                                               )    TO DISMISS
13          v.                                 )
                                               )    (Doc. 46)
14    BAKERSFIELD POLICE DEPT., et al.,        )
                                               )
15              Defendants.                    )
                                               )
16    _____ )

17          Plaintiff asserts that Defendants, officers of the Bakersfield Police Department, used of

18    excessive force in the course of his arrest in violation of the Fourteenth Amendment, and seeks to hold

19    Defendants liable pursuant to 42 U.S.C. § 1983. (*See* Doc. 1)  Defendants seek dismissal of the action

20    with prejudice, asserting Plaintiff has failed to prosecute the action and failed to comply with the

21    Court's orders regarding discovery.  (Doc. 46)  Plaintiff did not oppose the request for dismissal.

22          On October 20, 2015, the Court found the matter was suitable for decision without oral

23    arguments, and the motion was taken under submission pursuant to Local Rule 230(g).  For the reasons

24    set forth below, Defendants' motion to dismiss is **GRANTED**.

25    **I.      Relevant Background**

26          The Court held a scheduling conference on May 4, 2015, at which it set deadlines related to

27    discovery.  (Doc. 41)  The Court ordered the parties to exchange initial disclosures no later than June 5,

28    2015.  (*Id.* at 1, 2)  On July 14, 2015, Defendants filed a motion to compel discovery, asserting Plaintiff

failed to comply with the Court's Scheduling Order to make his initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and that Plaintiff failed to respond to Defendants' discovery requests, including interrogatories and requests for production of documents. (Doc. 42) The Court granted Defendants' motion, and reminded Plaintiff that his "failure to comply with a Court order— including the Court's Scheduling Order directing the parties to serve initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure—may result in the imposition of sanctions, including dismissal of the action." (Doc. 45 at 4, citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987))

Defendants filed the motion now pending before the Court on August 25, 2015, reporting Plaintiff failed to comply with the Court's order to serve his initial disclosures and discovery responses "no later than August 21, 2015." (Doc. 46-1 at 3, quoting Doc. 45 at 4) (emphasis omitted). Therefore, Defendants request dismissal of the action with prejudice. (*Id.* at 4-5)

## III. Failure to Comply with a Court Order

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "If [a] plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). The Ninth Circuit explained, "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice for a party's failure to prosecute an action or failure to obey a court order. *See, e.g.*; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming the court's decision to dismiss ab action with prejudice for failure to comply with a court order) *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

To determine whether to dismiss an action for failure to prosecute or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61.

# IV.    Discussion and Analysis

## 1.    Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this action in abeyance based upon Plaintiff's failure to prosecute the action. Accordingly, these factors weigh in favor of dismissal of the action.

## 2.    Prejudice to Defendants

To determine whether Defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)) In this case, Plaintiff's failure to serve his initial disclosures and respond to Defendants' discovery requests significantly impair their ability to prepare for a trial. Moreover, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Accordingly, this factor weighs in favor of dismissal.

## 3.    Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction). Moreover, the Court explained that "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the Scheduling Order dated May 4, 2015, the Court warned the parties that failure to comply

3

with the deadlines and terms of the schedule "may result in the imposition of sanctions." (Doc. 41 at 6) After Plaintiff failed to comply with the order to serve his initial disclosures and did not respond to Defendants' discovery requests, the Court reminded Plaintiff that failure to comply with the Court's orders "may result in the imposition of sanctions, including dismissal of the action." (Doc. 45 at 4) Further, the Court stated: "**Plaintiff is strongly admonished that his failure to comply with this order or any other order of the Court—including the scheduling order--may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110.**" (Doc. 45 at 5, emphasis in original) These warnings to Plaintiff satisfy the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### 4. Public policy

Given Plaintiff's failure to prosecute the action, and failure to comply with the Court's orders regarding discovery, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## V. Conclusion and Order

Plaintiff has failed to prosecute this action, and failed to comply with the Court's orders dated May 4, 2015 (Doc. 41), and August 7, 2015 (Doc. 45). As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' motion to dismiss (Doc. 46) is **GRANTED**;

2.    This action is **DISMISSED;** and

3.    The Clerk of Court is directed to close this action.


IT IS SO ORDERED.

Dated:   __October 22, 2015__            _____/s/ Jennifer L. Thurston__
                                                            UNITED STATES MAGISTRATE JUDGE